Filed 5/19/25  P. v. Medrano CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>JASON JEREMIAH MEDRANO,<br><br>　　Defendant and Appellant. | B335521<br><br>Los Angeles County<br>Super. Ct. No. BA420259 |

APPEAL from an order of the Superior Court of Los Angeles County, Alison S. Matsumoto, Judge. Affirmed and remanded with directions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Melanie Dorian, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION[1]

The trial court denied Defendant-Appellant Jason Jeremiah Medrano's petition for resentencing under Penal Code section 1172.6.[2]  The court concluded that Medrano's record of conviction demonstrated as a matter of law that he was convicted of manslaughter as the actual killer, making him prima facie ineligible for relief under section 1172.6, subdivision (c), obviating the need for an evidentiary hearing under subdivision (d).  On appeal, Medrano's sole contention is that the trial court could not, as a matter of law, rely upon the transcript of a preliminary hearing in making that prima facie determination.

Our Supreme Court's recent decision in *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*) resolved this issue.  *Patton* holds that a trial court may properly rely on uncontroverted evidence in a preliminary hearing transcript to refute conclusory allegations in determining whether a petitioner has stated a prima facie entitlement to relief under section 1172.6.  (*Patton*, *supra*, at p. 564.)  Following *Patton*, we reject Medrano's claim of error.  However, also following *Patton*, we remand the matter to the trial court to allow Medrano to file an amended petition if he wishes to do so.  (*Id.* at pp. 569-570.)

---

1      We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)

2      All undesignated statutory references are to the Penal Code.

# BACKGROUND[3]

In 2015, after being charged with murder, Medrano pleaded no contest to voluntary manslaughter. (§ 192, subd. (a).) Medrano also admitted that he personally used a firearm in the commission of the offense (§ 12022.5, subd. (a)), and he committed the crime for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)).[4] The trial court ultimately sentenced Medrano to 23 years in state prison.

In 2018, the Legislature, through Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015), amended section 188 to eliminate the natural and probable consequences doctrine as it applies to murder and to require, with certain exceptions under the felony-murder rule, that a defendant act with malice to be convicted of murder. (§ 188, subd. (a)(3).)

In 2021, through Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551), the Legislature clarified that the amendments made by Senate Bill No. 1437 were also intended to apply to voluntary manslaughter. (*People v. Hin* (2025) 17 Cal.5th 401, 441.) Senate Bill No. 775 also amended former section 1170.95 to permit persons convicted by plea agreement of voluntary manslaughter under the natural and probable consequences doctrine to file a petition with the sentencing court to vacate the conviction and be resentenced. (§ 1172.6, subd. (a).)

---

3      The parties are familiar with the facts and procedural history of the case. We do not restate those details. We simply provide context for our disposition. (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

4      Medrano was also charged with other offenses and allegations, which were dismissed in exchange for his plea.

Under section 1172.6, a defendant convicted by plea of voluntary manslaughter under the natural and probable consequences doctrine must attest to the following: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under . . . the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . . [¶]  (2) The petitioner was convicted of . . . manslaughter following . . . a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.  [¶]  (3) The petitioner could not presently be convicted of murder or attempted murder [under current law]."  (§ 1172.6, subd. (a)(1)-(3).)

After a facially sufficient petition is filed, the trial court determines whether the petitioner is prima facie eligible for relief.  (*People v. Lewis* (2021) 11 Cal.5th 952, 957.)  We review de novo a trial court's determination of whether a petitioner has made a prima facie showing.  (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

## DISCUSSION

Medrano's only argument on appeal is that the trial court engaged in impermissible fact-finding as a matter of law at the prima facie stage by relying on a preliminary hearing transcript to deny his section 1172.6 petition.  At the time Medrano submitted his briefing, this issue was the subject of a split of opinion among the Courts of Appeal.  However, after briefing concluded, our Supreme Court resolved the issue and foreclosed Medrano's contention.

In *Patton*, *supra*, 17 Cal.5th at p. 569, our Supreme Court held that a trial court may "reference the record of conviction

4

[which includes the preliminary hearing transcript] to ""refut[e]"" [citation] conclusory allegations in furtherance of its statutorily required screening function at that juncture of a section 1172.6 proceeding" without engaging in impermissible fact-finding, and may conclude, based upon its review, that the petitioner has failed to make a prima facie showing of eligibility.

*Patton* compels affirmance. Under *Patton,* the preliminary hearing transcript at issue here formed part of the record of conviction. (*Patton*, *supra*, 17 Cal.5th at p. 568.) Confronted with that record of conviction, Medrano failed to make a prima facie showing. As in *Patton*, he "offered only conclusory allegations of entitlement to resentencing relief under section 1172.6 in response to a record of conviction" that in no way suggested Medrano was convicted under a now-invalid homicide theory. (*Patton*, *supra*, at p. 569.) Accordingly, the trial court did not err when it found Medrano ineligible for relief.

However, in *Patton*, the petitioner asked for leave at oral argument to be able to plead additional facts on remand in support of the petition. (*Patton*, *supra*, 17 Cal.5th at p. 569.) "[O]ut of an abundance of caution" our Supreme Court ordered a remand to the superior court with directions for the superior court to consider an amended petition if the petitioner asked for leave to file one. (*Id.* at pp. 569-570.)

Here, after briefing was complete in this case, Medrano filed a new authority letter citing *Patton*. (Cal. Rules of Court, rule 8.254.) We deem that citation to the disposition in *Patton* as a request to remand for the opportunity to plead additional facts. Accordingly, consistent with *Patton*, and in an abundance of caution, we remand the matter to the trial court with directions for that court to consider an amended petition should Medrano,

within 30 days of that remand, seek to file one.  We express no opinion on the viability of any additional facts Medrano might allege in his amended petition.  We otherwise affirm the trial court's order.

## DISPOSITION

We remand the matter to the trial court with directions to consider an amended petition should Medrano seek to file one within 30 days of the issuance of the remittitur.  We otherwise affirm the trial court's order denying Medrano's petition for resentencing pursuant to section 1172.6.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

DAUM, J.*

We concur:

ZUKIN, Acting P.J.

COLLINS, J.

---

* Judge of the Los Angeles Superior Court assigned by the Chief Justice pursuant to article IV, section 6 of the California Constitution.

6